**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADVANCEDEPM CONSULTING, INC., | ) | CASE NO.1:16CV1416 |
| | ) | |
|         Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
|         Vs. | ) | |
| | ) | |
| PELOTON GROUP, LLC | ) | OPINION AND ORDER |
| | ) | |
|         Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Peloton Group, LLC.'s Motion to

Dismiss or, in the Alternative, Motion to Transfer (ECF # 4).  For the following reasons, the

Court grants, in part, Defendant's Motion and transfers the above-captioned case to the

United States District Court, District of Massachusetts.

On May 6, 2016, Plaintiff AdvancedEPM Consulting, Inc. filed its Complaint in

Cuyahoga County Court of Common Pleas, alleging Tortious Interference, Fraud, Negligent

Misrepresentation, Breach of Contract, Promissory Estoppel and Unjust Enrichment claims

against Defendant Peloton Group, Inc.  Plaintiff alleges Defendant Peloton swindled Plaintiff

out of a lucrative contract with third party Navistar International Corp.   According to the

Complaint, Plaintiff was approached by Navistar to submit a Request for Proposal on

Navistar's Hyperion DRM Upgrade/Forecast Project and System Enhancement due to

Plaintiff's expertise on Oracle based projects.   Defendant got wind of Navistar's solicitation

of Plaintiff and proposed a joint venture with Plaintiff on the Navistar Project.   As Plaintiff's

Complaint acknowledges, Plaintiff and Defendant were parties to a Master Subcontractor

Services Agreement ("MSSA") wherein Plaintiff supplied its consultants to work on Peloton

Projects.  The MSSA contains a forum selection clause requiring all disputes arising under the

Agreement or relating to the Agreement be brought in the state or federal courts located in

Massachusetts.

On June 17, 2016, Defendant filed its Motion to Dismiss or Transfer.  According to

Defendant, this dispute arises out of or relates to the MSSA signed by the parties in April

2015.  In that Agreement, the parties agreed

> The Company requires the services of Consultant with respect to the tasks
> specified herein, and Consultant has expertise in the area of services required
> by the Company and is willing to provide such services. In consideration of the
> mutual promises more particularly set forth below, the above parties have
> entered into this Agreement as follows:
>
> 1. Statement of Work: (a) Consultant agrees to perform the services (the
> "Services") listed in the Statement of Work attached hereto Exhibit A (the
> "SOW") or in any additional SOWs mutually agreed upon by the parties, in
> writing, from time to time. Unless specifically stated with respect to certain
> terms in an SOW, in the event of a conflict between this Agreement and the
> SOW, this Agreement will control.

The MSSA contains a forum selection clause requiring all actions arising out of or

relating to the MSSA be brought in Massachusetts.  In particular paragraph 21 of the MSSA

reads:

The construction, interpretation and performance of this Agreement, and the transactions under it, will be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts, excluding its conflict of laws and choice of law rules, and jurisdiction over any action to enforce this Agreement, or any dispute arising from or relating to this Agreement will subsist solely in the state and/or federal courts located within the Commonwealth of Massachusetts.

According to Defendant, the Navistar project was not a joint venture but rather a contractor/subcontractor project as contemplated by the MSSA.  As evidence, Defendant offers the affidavit of Guy Daniello, CEO of Peloton, who attests that the Navistar project was expressly contemplated by the parties to be subject to the MSSA.   Daniello offers an email from Plaintiff's CEO, Todd Rebner, acknowledging that Plaintiff would be the subcontractor and Defendant would be the prime contractor on the Navistar project.  Also, Daniello submits a teaming agreement he proposed at the request of Plaintiff that expressly includes the language that it would be subject to the MSSA.   The parties never were able to reach terms on the teaming agreement.

Plaintiff opposes the Motion, contending that the Navistar project does not arise from or relate to the MSSA.   Navistar approached Plaintiff to submit a RFP.  The email from Rebner to Daniello only assigned roles in the Navistar contract and had nothing to do with bringing it under the MSSA.  Plaintiff never agreed to a teaming agreement containing the MSSA applicability language.

Plaintiff does not challenge the validity of the forum selection clause nor its enforceability, rather it challenges applying the forum selection clause to Plaintiff's claims.

## LAW AND ANALYSIS

Defendant seeks to dismiss the action under Fed. R. 12(b)(6) or, in the alternative,

asks the Court to Transfer the case pursuant to 28 U.S.C. §1404(a) which reads:

> for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The United States Supreme Court issued a decision on the weight a district court should give a forum selection clause when considering dismissal or transfer.  In *Atlantic Marine Construction Co. Inc. v. United States District Court for the Western District of Texas*, *et al.,* 134 S. Ct. 568 (2013), the Supreme Court first held that the proper mechanism for enforcing a forum selection clause is 28 U.S.C. § 1404(a).

The Supreme Court further held "[w]hen a defendant files such a motion, we conclude, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id*. at 581.  When a valid and enforceable forum selection clause evidences the parties' intent to bring an action in a particular federal district, the forum selection clause must be given "controlling weight in all but the most exceptional circumstances." *Atlantic Marine* at 581.   "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404a motion be denied." *Id.*

> The Supreme Court considered the usual analysis of a § 1404 motion to transfer.

> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations.  Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." §1404(a).

In *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, (1988), the Supreme Court

outlined the following factors for courts to consider:

> 1) the convenience of parties;
> 2) the fairness of the transfer in light of the forum selection clause;
> 3) the relative bargaining power of the parties to the forum selection clause;
> 4) convenience of witnesses; and
> 5) public interest in systemic integrity and fairness

*Id.* at 29,30.

> The existence of a valid forum selection clause changes the above analysis.

> The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." (Internal citation omitted).  The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." (Internal citations omitted).

*Atlantic Marine*, at 581.

The Supreme Court described three ways the usual venue analysis changes when there exists a valid forum selection clause.  First, plaintiff's choice of forum is accorded no weight because plaintiff is presumed to have expressed its desired forum in the forum selection clause.  Second, courts cannot entertain arguments on the parties' private interests as those are now deemed to weigh "entirely" in favor of  the choice of forum contained in the forum selection clause.   Finally, the law of the state wherein the suit was filed, if different from the forum agreed to in a forum selection clause, will not follow the case upon transfer.

*Id* at 581-82.   A motion to dismiss is not the appropriate vehicle for enforcing a forum selection clause.  See *Lawson Steel Inc. v. All State Diversified Products, Inc.,* 1:10CV1750

2010 WL 5150159 (N.D. Ohio Dec. 13, 2010).  The proper mechanism for enforcing a forum

selection clause is 28 U.S.C. § 1404(a).[1]

Here, the plain language of the forum selection clause applies to all claims "over any

action to enforce this Agreement, or any dispute arising from or relating to this Agreement."

Defendant provides the Court with the affidavit of Daniello saying the Navistar work relates

to the MSSA.  Defendant further offers the email from Rebner, indicating Plaintiff intended to

be the subcontractor on the Navister project.  Defendant also offers a draft of the teaming

agreement expressly indicating it was subject to the MSSA.  Furthermore, Plaintiff's

Complaint acknowledges the parties jointly signed and submitted a RFP to Navistar.  Lastly,

Defendants submit Plaintiff's Complaint in a pending action in Massachusetts containing the

following allegation:

> "On or about April 20, 2015, AdvancedEPM is a party to a Peloton Group,
> LLC Master Subcontractor Services Agreement ("Agreement"), under which
> AdvancedEPM and Peloton agreed to collaborate on joint proposals in
> response to potential customer requests for proposal (RFP) and further agreed
> to work together on projects awarded."

Plaintiff only offers the affidavit of Rebner, denying that the MSSA applies and a draft

teaming agreement that does not contain any reference to the MSSA.  However Plaintiff's

draft teaming agreement states "Partner in this case shall act as prime under the SOW and

AdvancedEPM shall act as Subcontractor to Partner, subject to the conditions set forth in

Article 5 below."  Under the MSSA, the parties agreed that if any conflicts arise from an

---

[1]     The Supreme Court in *Atlantic Marine* declined to address whether a Rule
        12(b)(6) motion is an appropriate mechanism for dismissal in light of a forum
        selection clause.  While there is split authority on this issue, the Court sees no
        reason to depart from its prior holding in *Lawson Steel* that 12(b)(6) is not an
        appropriate mechanism.

SOW and the MSSA, the MSSA controls.

In light of the above, the Court finds Defendant has met its burden to show that the disputes in the above-captioned case arise or relate to the MSSA.  The MSSA governed the parties working relationship regarding subsequent joint proposals.  The Navistar project involved a joint proposal on an RFP.   Plaintiff acknowledges the parties submitted an RFP to Navistar signed by both Plaintiff and Defendant.  Therefore, the Court finds the MSSA's forum selection clause applies.

Plaintiff does not challenge the enforceability or validity of the forum selection clause. Therefore, under *Atlantic Marine*, the private interest factors are all determined as a matter of law to favor the venue selected by the parties in the forum selection clause.  That forum is Massacchusetts.   All private interest considerations, such as convenience of the parties and fairness to the parties in light of the forum selection clause, are deemed to favor the forum selected by the parties in a valid and enforceable forum selection clause.

Because the private interest factors are deemed to favor the forum as agreed to by the parties in a valid forum selection clause, the Court must next consider the public interest. Here, the public interest also favors Massachusetts as the appropriate forum.  The public interest of "having the trial in a forum that is at home with the state law that must govern the case" favors Massachusetts because the Agreement contains a choice of law clause wherein the parties agreed Massachusetts law would govern disputes.  *Braman v. Quizno's Franchise Co.*, LLC, No. 5:07CV2001, 2008 WL 611607, at *6 (N.D. Ohio Feb. 20, 2008) citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947).  Additionally, the public interest favors transfer because "the public has a strong interest in applying contracts as they are written."

*PolyOne Corp. v. Teknor Apex Co.,* No. 1:14CV0078, 2014 WL 4207671, at *6 (N.D. Ohio

Aug. 25, 2014) citing *First Solar, LLC v. Rohwedder, Inc.,* No. 3:04CV7518, 2004 WL

2810105 (N.D.Ohio Dec.8, 2004).  Plaintiff contracted in advance to litigate disputes in

Massachusetts and "courts should not unnecessarily disrupt the parties' settled expectations."

*Atl. Marine Const. Co.,* 134 S. Ct. 568 at 583.  "[T]he interest of justice is served by holding

parties to their bargain."  *Id.*

Therefore, for the foregoing reasons, the Court grants, in part, Defendant's Motion

and transfers the case to the United States District Court District of Massachusetts for further

adjudication.

IT IS SO ORDERED.


s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  January 4, 2017